**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SANTOS ARROYO,

    Petitioner,

v.                                               CASE NO:  8:04-CV-1424-T-30MSS
                                                            Crim. Case No: 8:00-CR-117-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon the Motion of Santos Arroyo (hereinafter "Petitioner" or "Arroyo") to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1), and Memorandum in support (CV Dkt. #2). The Government has filed its Response (CV Dkt. #7) to which Petitioner has replied (CV Dkt. #9). For the reasons set forth herein, the Court determines that Petitioner's Motion should be denied.

### Background

Petitioner was convicted by a jury of possession with intent to distribute five kilograms or more of cocaine, in violation of 46 U.S.C. §1903(a)(g) and 18 U.S.C. §2 (Count One), and conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 46 U.S.C. §1903(j) (Count Two). Petitioner appealed to the United States

Court of Appeals for the Eleventh Circuit, appeal number 01-14142, raising the following issues:

1. whether the statute of conviction, 46 U.S.C. App. §1903, is unconstitutional; and

2. whether the United States committed a Brady error when it failed to disclose the Second Superseding Indictment to the Petitioner.

The Eleventh Circuit affirmed the judgment of Petitioner and all of his co-defendants. United States v. Quinones, 77 Fed. Appx. 504 (11th Cir. 2003).

Petitioner has now timely filed this §2255 Motion claiming:

1. trial counsel was ineffective because he failed to challenge the sufficiency of the evidence, specifically the Petitioner's knowledge of the cocaine, at trial or on direct appeal; and

2. trial counsel was ineffective because he failed to seek a two or four level guidelines reduction on the Petitioner's behalf for his role in the offense.

**Standard of Review**

Ineffective assistance of counsel claims are analyzed under Strickland v. Washington, 466 U.S. 668 (1984). To establish a *prime facie* claim of ineffective assistance of counsel, Arroyo must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland, at 687. Deficient performance is performance which is objectively unreasonable under the prevailing professional norms. Prejudice results when there is "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u> at 694. "The issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" <u>Chandler v. United States</u>, 218 F. 3d 1305, 1313 (11th Cir. 2000) (*en banc*) (quoting <u>Burger v. Kemp</u>, 483 U.S. 776 (1987)). Further, vague, conclusory, speculative, or unsupported claims are insufficient to support claims of ineffective assistance of counsel. <u>Tejada v. Dugger</u>, 941 F. 2d 1551, 1559 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992).

## Discussion

**<u>Ground One:</u>**     Trial counsel was ineffective because he failed to challenge the sufficiency of the evidence, specifically the Petitioner's knowledge of the cocaine, at trial or on direct appeal.

Ground one fails both prongs of the <u>Strickland</u> test. Counsel's performance was neither deficient nor prejudicial to Petitioner. First, contrary to Petitioner's assertion, trial counsel did make a Rule 29 motion for acquittal at the close of the Government's case in chief arguing that the Government failed to present sufficient evidence of Petitioner's knowledge of the cocaine on board the boat. The Court denied the motion. Just because counsel is unsuccessful does not mean that his performance is deficient.

Second, there is no showing of prejudice. While Petitioner's counsel did not raise the issue on direct appeal, it was raised by his co-defendants. The Eleventh Circuit rejected the claim and determined that the evidence submitted at trial was sufficient to support the verdict. Had counsel raised the issue on appeal, it would have been unsuccessful. Therefore, Petitioner has shown no prejudice.

**Ground Two:**   Trial counsel was ineffective because he failed to seek a two or four level downward departure on the Petitioner's behalf for his role in the offense.

The sentencing guidelines in effect at the time of the Petitioner's sentencing, state:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a)   If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b)   If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

USSG § 3B1.2.  Further,

> It is intended that the downward adjustment for a minimal participant will be used infrequently.  It would be appropriate, for example, for some who played no other role in a very large drug smuggling operation than to offload part of a single marijuana shipment or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs.

USSG §3B1.2, comment (n.2).

The defendant has the burden of establishing his minor or minimal role by a preponderance of the evidence.  United States v. De Varone, 175 F.3d 930, 939 (11th Cir. 1999) (*en banc*).  Under De Varone, a district court is to employ a two-pronged analysis of the defendant's conduct in addressing a role reduction.  First, the Court must assess whether a defendant was a minor participant in the relevant conduct attributed to him in calculating his base offense level.  De Varone, 175 F.3d at 941.  Second, the Court may compare the defendant's culpability to that of other participants in the offense.  Id. at 944.  In making this

comparison, the Court is limited to considering only those participants who are identifiable by the evidence and who were involved in the particular conduct for which the defendant was convicted. Here, Petitioner points to no evidence showing that his role in the offense was less than any other member of the crew. Just making the conclusory statement that he was a "mere" off-loader is not sufficient to set aside the judgment. Conclusory or unsupported claims cannot support an ineffective assistance of counsel claim. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992). Ground two will therefore be denied.

## Conclusion

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 19, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record